## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MELONY LEWIS AND KYLE LYNCH** | * | |
| **Plaintiffs,** | * | |
| | * | **Civil Action No.:** |
| **versus** | * | |
| | * | |
| **AUTO-OWNERS INSURANCE** | * | |
| **COMPANY, ERIC RATLEY, GLEN** | * | |
| **REYMANN, AND VETEK LLC** | * | **District Judge:** |
| **Defendants.** | * | |
| | * | |
| | * | **Magistrate Judge:** |
| | * | |

**************************************************************************

## NOTICE OF REMOVAL

Auto-Owners Insurance Company ("Auto-Owners"), Glen Raymann ("Mr. Reymann"), and Vetek, LLC ("Vetek"), defendants herein (hereinafter referred to as "Defendants"), by and through undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the action entitled *Melony Lewis and Kyle Lynch vs. Auto-Owners Insurance Company, Eric Ratley, Glen Reymann, and Vetek, LLC*, Case No. 2022-5085 on the docket of the Civil District Court for Orleans Parish, Louisiana to this Honorable Court. In support if their Notice of Removal, Defendants respectfully represent:

## FACTUAL AND LEGAL BASES FOR REMOVAL

1.      This removal action is brought before this court pursuant to diversity jurisdiction because the parties are diverse in their respective citizenships and the amount of controversy exceeds the $75,000 minimum amount for the Court to exercise its diversity jurisdiction.

2.      28 U.S.C. § 1441 provides that any civil action, brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant

1

or the defendants, to the district court of the United Sates for the district and division embracing the place where such action is pending.[1]

3.      28 U.S.C. § 1332 provides that, "district courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States . . . ."[2]

4.      Melony Lewis and Kyle Lynch (the "Plaintiffs") commenced the captioned action on their own behalf by filing a Petition for Damages (the "Petition") in the Civil District Court on or about June 8, 2022.[3] In their Petition, Plaintiffs named Auto-Owners, Eric Ratley ("Mr. Ratley"), Mr. Reymann, and Vetek as defendants.[4]

5.      Plaintiff requested service under the Louisiana Long Arm Statute on Auto-Owners, Mr. Ratley, Mr. Reymann, and Vetek.

6.      The Petition and Citation was served on Owners, Mr. Reymann, and Vetek on June 15, 2022.[5]

7.      To date, Mr. Ratley has not been served with a copy of the Petition. As Mr. Ratley, has not been served, consent is not necessary for this removal.[6]  However, undersigned counsel has been retained to represent Mr. Ratleyand will consent to removal upon receipt of service of the Petition.

8.      Venue for removal is proper in this District pursuant to 28 U.S.C. § 1446(a).

9.      Defendants have requested a certified copy of the State Court Record, and will supplement this record upon receipt.

---

[1] 28 U.S.C. § 1441.
[2] 28 U.S.C. § 1332.
[3] See Plaintiff's Petition, attached hereto as **Exhibit A**.
[4] *Id.*
[5] See green cards showing proof of service, attached hereto as **Exhibit B** *in globo*.
[6] 28 U.S.C. § 1441(2)(A).

10.     Plaintiff asserts that they are "a persons of the full age of majority and residents of the Parish of Jefferson, State of Louisiana."[7]   Accordingly, Plaintiffs are citizens of the State of Louisiana for purposes of diversity jurisdiction.

11.     In their Petition, Plaintiffs correctly allege that Auto-Owners is a foreign insurance company.[8]   Auto-Owners is in fact a Michigan corporation that maintains a principal place of business in Michigan.  As such, Auto-Owners is a citizen of the State of Michigan for purposes of diversity jurisdiction.

12.     In their Petition, Plaintiffs correctly allege that Mr. Reymann is a person of the full age of majority and is a resident of Orange County in the State of Florida.[9] As such, Mr. Reymann is a citizen of the State of Florida for the purposes of diversity jurisdiction.

13.     In their Petition, Plaintiffs correctly allege that Vetek is a foreign company authorized to do and doing business in the state of Louisiana.[10]  Vetek is in fact a Florida limited liability company that maintains its principal place of business in Orlando, Florida.   Its sole member, Glen Reymann, is a resident and citizen of Florida.  Accordingly, Vetek is a citizen of Florida for the purpose of diversity jurisdiction.

14.     In their Petition, Plaintiffs assert that defendant Ratley is a person of full age of majority and a resident of and domiciled in the Count of Colin, State of Texas.[11] Upon information and belief, Mr. Ratley, who has not been served and has not appeared herein, is a resident of and domiciled in the State of Texas.

---

[7] See **Exhibit A**,
[8] See **Exhibit A**, at p. I.
[9] *Id.*
[10] *Id.*
[11] *Id.*

15.     In their Petition, Plaintiffs allege that on or about or about September 20, 2021, an accident occurred at I-10 in the Parish of Orleans, State of Louisiana, wherein Mr. Ratley while operating a vehicle owned by Mr. Reymann and/or Vetek, struck the rear of the vehicle owned and operated by Melony Lewis.  Kyle Lynch was a guest passenger of the vehicle owned and operated by Melony Lewis (the "Incident").[12]

16.     As a result of the Incident, Plaintiffs claim to have sustained injuries and are entitled to recover such damages that are reasonable.[13]

17.     Plaintiffs claim to have so sustained injuries and property damage and claim damages including past and future physical pain and suffering, past and future mental pain and suffering, past and future loss of enjoyment of life, disability to the body, past and future medical expenses, loss of past and future earnings, loss of future earning capacity, loss of consortium, rental expenses, property damage, and loss of use and/or depreciation of their vehicle.[14]

18.     The claims of Plaintiffs, Melony Lewis and Kyle Lynch exceed the sum or value of $75,000.

19.     This action is not removable on the face of the Petition because Plaintiffs failed to include an allegation to establish or defeat jurisdiction in federal court pursuant to Louisiana law (La. C.C.P. art. 893(A)(1)).  Namely, Plaintiffs failed to allege whether their claims are below or above the $75,000 threshold for diversity removal.

20.     However, medical records provided by Plaintiffs' counsel show that Melony Lewis has undergone multiple facet injections, medial branch blocks, and a lumbar and cervical discogram.[15] As such, the $75,000 jurisdictional limit pursuant to 28 U.S.C. § 1332.

---

[12] See **Exhibit A**, at p. III.
[13] See **Exhibit A**, at p. I.
[14] See **Exhibit A**, at ps. II, V.
[15] See Melony Lewis' medical records, attached hereto as **Exhibit C**.

## DIVERSITY OF CITIZENSHIP

21.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because this is a civil action between citizens of different sates which involves an amount in controversy exceeding $75,000.  Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

22.     Complete diversity of citizenship exists between Plaintiffs and Defendants on the date of the filing of this lawsuit and as exists on the date of this removal.  Plaintiffs are citizens of Louisiana.  Defendant Auto-Owners, a corporation, is a citizen of Michigan.  Defendant Mr. Ratley is a citizen of and is domiciled in Texas.  Defendant Reymann is a citizen of and is domiciled in Florida. Defendant Vetek is a Florida limited liability company with its principal place of business in Orlando, Florida whose sole member, Glen Reymann is a citizen and resident of Florida.

23.     As a result of the foregoing, the parties are completely diverse in their citizenship and the Court has original jurisdiction pursuant to 28 U.S.C. § 1332; therefore, Defendant is entitled to remove this action to federal court pursuant to 28 U.S.C. § 1441.

24.     Louisiana generally disallows any reference to monetary damages in a Petition asserting tort claims.[16]  Nonetheless, the article states that "if a specific amount of damages is necessary to establish. . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim exceeds or is less than the requisite amount *is required*."[17]

25.     Where the amount of damages is not stated with specificity, the removing defendant is required to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Simon v. Wal-Mart Stores*, 193 F. 3d 848, 850 (5th Cir. 1999); *Allen v. R&H Oil & Gas Co.*, 63 F. 3d 1326, 1335 (5th Cir. 1995).

---

[16] See La. C.C.P. art. 893(A)(1).
[17] *Id.* (emphasis added)

26.     The removing party can satisfy this burden in one of two ways: (1) it must establish that it is facially apparent from the complaint that the claims likely exceed $75,000, or it must present "summary judgment-type" evidence through the removal petition or accompanying affidavit showing the amount in controversy is met. *Lafayette Cit-Parish Conso. Gov't. Chain Elec. Co.*, 2011 U.S. Dist. 2011 WL 4499589, *6 (W.D. La. Sept. 22, 2011) (citing *White v. FCI USA, Inc.*, 319 F. 3d 672, 675 (5th Cir. 2003)); *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999); and *Allen, supra*, 63 F. 3d at 1335 (5th Cir. 1995)).

27.     Allegations from which it can be inferred that the jurisdictional amount is in controversy includes a prayer for past and future medical expenses, past and future lost wages, past and future pain and suffering, and past and future disability.  *Buchana v. Wal-Mart Stores, Inc.*, 1999 WL 1044336, *3 (E.D. La. 11/17/99) (*citing De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995)).

28.     While Plaintiffs did not expressly plead an amount of money damages sought, nor did they comply with Article 893(A)(1) of the Louisiana Code of Civil Procedure, they nevertheless seek recovery for an amount in excess of $75,000.

29.     If it is not facially apparent from the Petition that Plaintiffs' claims exceed $75,000, it is certainly clear from Plaintiffs' treatment thus far.

30.     More specifically, pursuant Melony Lewis has undergone multiple facet injections, medial branch blocks, and a lumbar and cervical discogram, and over the course of a few months, incurred medical expenses of nearly $30,000, and she continues to treat.[18] Further, Ms. Lewis and Mr. Lynch claim numerous damages including past and future medicals, past and future pain and

---

[18] See **Exhibit C**.  Note that as of May 29, 2022, Melony Lewis had incurred $19,736.09. According to Plaintiffs' counsel, Ms. Lewis underwent a cervical discogram and lumbar discogram in June. These medical records attached hereto show that the cervical discogram fees amount to $5,330 and the lumbar discogram fees amount to $4,920. Thus bringing her medical bills to $29,986.00.

suffering, lost wages, loss of earning capacity, and so on.  The combination of Ms. Lewis' and Mr. Lynch's claimed special damages and possible general damages exceed the jurisdictional threshold.

31.     Based on the foregoing, the requisite $75,000 in controversy is met in this case.

**SUMMARY OF DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. §1332**

32.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action between citizens of different states (i.e., Plaintiffs are citizens of Louisiana, Defendant Auto-Owners is a corporation that is a citizen of Michigan, Defendant Mr. Ratley is a citizen of Texas, Defendant Reymann is a citizen of Florida. Defendant Vetek is a Florida limited liability company is a citizen Florida).

33.     Further, this matter involves claims where the amount in controversy exceeds $75,000 (i.e., Plaintiff Melony Lewis has undergone multiple facet injections, medial branch blocks, and a lumbar and cervical discogram, and she and Plaintiff Kyle Lynch are claiming a variety of damages including past and future physical pain and suffering, past and future mental pain and suffering, past and future loss of enjoyment of life, disability to the body, past and future medical expenses, loss of past and future earnings, loss of future earning capacity, loss of consortium, rental expenses, property damage, and loss of use and/or depreciation of their vehicle. Therefore, this matter is removable pursuant to 28 U.S.C. § 1441(a).

**REMOVAL PROCEDURE**.

34.     A copy of this Notice of Removal is being served upon Plaintiffs through their counsel of record.  A copy of the Notice to the Clerk of Court for the Civil District Court, which will be filed in that court, is also attached hereto.

35.     A copy of the state court has been requested and Defendants will supplement this Removal upon receipt.

36.     Defendants will hereafter file such other additional documents and pleadings as may be required by 28 U.S.C. § 1447(b), or any Local Rule or other law or rule.

37.     Defendants reserve and maintain their right to assert any defenses and submit motions in response to the Petition, including but not limited to those defenses and motions specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure, any other Rule and any other applicable law or rule.

**WHEREFORE,** Auto-Owners Insurance Company, Glen Reymann, and Vetek, LLC, defendants herein, hereby provide notice to the United States District Court for the Eastern District of Louisiana that this action has been duly removed.

Respectfully submitted:

**LEAKE & ANDERSSON, L.L.P.**

*/s/ Jerry L Saporito*
**JERRY L.  SAPORITO, T.A.  (#11717)**
E-mail:  jsaporito@leakeandersson.com
**JAMIE F. HICKEY (#38477)**
E-mail:  jhickey@leakeandersson.com
1100 Poydras Street, Suite 1700
New Orleans, Louisiana 70163-1701
Telephone: (504) 585-7500
Fax: (504) 585-7775
***Attorneys for Defendants,***
***Auto-Owners Insurance Company, Glen***
***Reymann, and Vetek LLC***

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all counsel of record by electronically filing same with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, this 15th day of July 2022.

*/s/ Jerry L. Saporito*